UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

NICOLE SMITH, on behalf of herself
and all others similarly-situated,

                          Plaintiff,

              -against-

INTEGRATED MEDICAL PROFESSIONALS,
PLLC, and PRESTIGE EMPLOYEE
ADMINISTRATORS, INC.,

                        Defendants.

------------------------------------------------------------------X

**COMPLAINT**

**Docket No.: 14-CV-4848**

Jury Trial Demanded

        NICOLE SMITH ("Plaintiff"), on behalf of herself and all others similarly-situated ("FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against INTEGRATED MEDICAL PROFESSIONALS, PLLC ("IMP"), and PRESTIGE EMPLOYEE ADMINISTRATORS, INC. ("Prestige") (collectively as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

        1.      This is a civil action for damages and equitable relief based upon willful violations that the Defendants committed of Plaintiff's rights guaranteed to her by: (i) the overtime provisions of the Fair Labor Standards Acts ("FLSA"), 29 U.S.C. § 207(a); (ii) the minimum wage provisions of the FLSA, 29 U.S.C. § 206(a); (iii) the overtime provisions of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 160; N.Y. Comp. Codes R. Regs. ("NYCCRR") tit. 12, § 142-2.2; (iv) the minimum wage provisions of the NYLL, N.Y. Lab. Law § 652(1); (v) the NYLL's requirement that employers pay their employees their regular rate of

1

pay for all hours worked, N.Y. Lab. Law §§ 190, 191, and 663(1); (vi) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, N.Y. Lab. Law § 195(3); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.     Plaintiff worked for the Defendants, who as described below, were Plaintiff's joint-employers, as a valued radiation therapist from in or around July 2008 to May 21, 2014. Throughout her employment, as described below, Plaintiff frequently worked in excess of forty hours per week, yet the Defendants paid Plaintiff for only the first forty hours that she worked. Thus, the Defendants did not pay Plaintiff at any rate of pay, let alone at the statutorily-required overtime or minimum wage rates, or even her standard rate of pay, for each hour that Plaintiff worked per week in excess of forty.  In addition, the Defendants failed to furnish Plaintiff with accurate and/or complete wage statements on each payday as the NYLL requires.

3.     Defendants paid and treated all of their radiation therapist employees in this same manner.

4.     Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of 29 U.S.C. § 216(b), on behalf of herself and all other persons similarly-situated during the applicable FLSA limitations period, who suffered damages as a result of the Defendants' violations of the FLSA.

5.     Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23 ("FRCP 23"), on behalf of herself and all others similarly-situated during the applicable limitations period, who suffered damages as a result of the Defendants' violations of the NYLL and supporting regulations.

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq.*  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all state law claims.

7.     Venue is appropriate in this court pursuant to 28 U.S.C. § 1391(b)(ii), as all actions comprising the claims for relief occurred within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(i), as one or more of the Defendants reside within this judicial district.

## PARTIES

8.     At all relevant times herein, Plaintiff, a former employee of Defendants, was and is a resident of the State of New York and is a "person" and an "employee" entitled to protection as defined by the FLSA and the NYLL.

9.     At all relevant times herein, IMP was and is a domestic professional service limited liability company organized under the laws of the State of New York and registered with the New York State Department of States ("NYSDOS") to receive service of process at 532 Broadhollow Road, Suite 142, Melville, New York 11747-3623.

10.     At all relevant times herein, Prestige was and is a domestic business corporation organized under the laws of the State of New York with a principal executive office located at 538 Broadhollow Road, Suite 311, Melville, New York 11747.  Prestige is registered with the NYSDOS to receive service of process at Corporation Service Company, 80 State Street, Albany, New York 12207-2543.

11.     At all relevant times herein, the Defendants were and are "employers" and "persons" within the meaning of the FLSA and the NYLL.  Additionally, the Defendants' qualifying annual business exceeds $500,000 and the Defendants are engaged in interstate

3

commerce within the meaning of the FLSA as they purchased and worked with products and other supplies provided by outside vendors in the course of their business that originated in states other than New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.   Furthermore, all of the Defendants' employees, including Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs, are individually engaged in interstate commerce, as they all work with materials and supplies that have been and continue to be moved in interstate commerce.   This independently subjects the Defendants to the overtime requirements of the FLSA with respect to Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

12.   Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wage, overtime compensation, and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), on her own behalf, as well as those in the following collective:

> Current and former employees of Defendants who, during the applicable FLSA limitations period, performed any work for Defendants as radiation therapist employees who give consent to file a claim to recover damages for: (1) overtime compensation that is legally due to them for the time worked in excess of forty hours per week; and/or (2) minimum wages that are legally due to them for each hour worked ("FLSA Plaintiffs").

13.   The Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: performed similar tasks, as described in the "Background Facts" section below; were subject to the same laws and regulations; were paid in the same or similar manner; were required to work in excess of forty hours each workweek; were not paid at an amount equal to the minimum hourly required rate of pay per hour worked; and were not paid the required one and one-half times their respective regular rates of pay for all overtime hours worked per workweek in excess of forty.

14.     At all relevant times, the Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the minimum hourly required rate of pay per hour for all hours worked, as well as the rate of one and one-half times their respective rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

15.     Thus, all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees minimum wage and overtime compensation for all hours worked per workweek in excess of forty.

## RULE 23 CLASS ALLEGATIONS

16.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on her own behalf, as well as on behalf of those who are similarly-situated who, during the applicable statutory period, the Defendants subjected to violations of the NYLL and NYCCRR.

17.     Under FRCP 23(b)(3), a plaintiff must plead that:

    a.      The class is so numerous that joinder is impracticable;

    b.      There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c.      Claims or defenses of the representative are typical of the class;

    d.      The representative will fairly and adequately protect the class; and

    e.      A class action is superior to other methods of adjudication.

18.     Plaintiff seeks certification of the following FRCP 23 class:

    Current and former employees of Defendants who performed any work for Defendants as radiation therapist employees during the statutory period within the State of New York who: (1) did not receive compensation at the legally-required minimum rate of pay

5

for each hour worked; (2) worked in excess of forty hours per week without receiving overtime compensation for each overtime hour worked; (3) were not paid their regular rate of pay for all hours worked; and/or (4) were not provided with accurate or any paystubs/wage statements on each payday containing the information required by the N.Y. Lab. Law § 195(3) ("Rule 23 Plaintiffs").

<u>Numerosity</u>

19.     During the previous six years, Defendants have, in total, employed at least forty non-professional employees that are putative members of the class.

<u>Common Questions of Law and Fact</u>

20.     There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 Class, including, but not limited to, the following: the duties that the Defendants required each Rule 23 Plaintiff to perform; whether the Defendants denied Rule 23 Plaintiffs compensable time for all hours worked; the manner of compensating each Rule 23 Plaintiff; whether Defendants required and require each Rule 23 Plaintiff to work in excess of forty hours per week; whether Defendants compensated and compensate the Rule 23 Plaintiffs at the legally-mandated rate of one and one-half times their respective regular rates of pay for all hours worked per week in excess of forty, as their respective straight-time rate for all hours worked, or at the legally-prescribed minimum wage rate for each hour worked; whether Defendants furnished and furnish accurate wage statements on each payday containing the information required by N.Y. Lab. Law § 195(3); whether Defendants kept and maintained records with respect to each hour that the Rule 23 Plaintiffs worked; whether Defendants kept and maintained records with respect to the compensation that they paid to the Rule 23 Plaintiffs; whether Defendants maintain any affirmative defenses with respect to the Rule 23 Plaintiffs' claims; whether the Defendants'

actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; if so, whether the Defendants' violations were in willful violation of the NYLL and supporting regulations; and if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

21.     As described in the "Background Facts" section below, the Defendants employed Plaintiff as a non-managerial employee.  Plaintiff's claims are typical of the claim of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants, in excess of forty hours per week, as non-managerial employees.  Plaintiff and the Rule 23 Plaintiffs enjoy the same statutory rights under the NYLL to be paid their regular rates for all hours worked up to forty and one and one-half times their regular rates of pay for all hours worked per week in excess of forty, and to be furnished with accurate wage statements on each payday.  Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations.  Plaintiff and the Rule 23 Plaintiffs have all suffered injury including lack of compensation or under-compensation due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and Defendants' defenses to those claims.

Adequacy

22.     Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  The Defendants did not pay Plaintiff overtime pay for all of her hours worked over forty each week; or compensate Plaintiff for all hours worked at Plaintiff's regular hourly wage rate or even at the minimum wage rate, which is substantially similar to how the Defendants paid the Rule 23 Plaintiffs.  Plaintiff fully anticipates

providing discovery responses, documents, and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequately represent the current and former employees whom the Defendants have subjected to the treatment alleged herein.

<u>Superiority</u>

23.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least substantially similarly, to the Rule 23 Plaintiffs.

24.    Any lawsuit brought by a radiation therapist employee of the Defendants would be identical to a suit brought by any other employee for the same violations. Thus, separate litigation would risk inconsistent results.

25.    Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a Class Action under FRCP 23(b)(3).

26.    Additionally, Plaintiff's counsel has substantial experience in this field of law.

**BACKGROUND FACTS**

27.    Defendant IMP is a multi-specialty physician group with treatment facilities located throughout New York, with its primary business office located at 532 Broadhollow Road, Suite 142, Melville, New York 11747-3623.

28.    IMP is comprised of greater than fifty divisions, including five divisions known as the Advanced Radiology Centers of New York ("ARCNY"). Plaintiff worked in IMP's

ARCNY Division, in the Plainview and New Hyde Park locations, as a radiation therapist from July 2008 until the Defendants terminated her on May 21, 2014.

29.     Defendant Prestige is the Human Resources administrator for IMP.   Prestige provided and provides IMP with, among other services, employee benefit programs, insurance, and payroll services, and is located at 538 Broadhollow Road, Suite 311, Melville, New York 11747.   Prestige was the provider of the above services to all IMP employees during the tenure of Plaintiff's employment.

30.     During the course of her employment, Plaintiff provided patient support to IMP's patients who were receiving radiation as part of their medical treatment plan.   IMP supervised and controlled Plaintiff's work responsibilities and controlled the hours that she was required to work.

31.     During the course of her employment, Prestige was responsible for paying Plaintiff her earned wages, setting her rate of pay, and administering her benefits.

32.     Thus, throughout Plaintiff's employment, IMP controlled and supervised Plaintiff hours and job duties, while Prestige was responsible for controlling and supervising Plaintiff's methods and rates of pay and benefits.

33.     Defendants improperly classified Plaintiff as and exempt employee and paid her a flat salary each week, on a biweekly basis, for all hours worked.   However, when Plaintiff had to leave work early on a particular day, the Defendants would dock her pay.

34.     Commencing in July 2008, and as is relevant to this lawsuit, from August 2008 to in or around December 31, 2009, the Defendants paid Plaintiff at a rate of $42.00 per hour, making her overtime compensation rate $63.00 per hour.   However, the Defendants, during this

period, did not pay Plaintiff at any rate of pay for any hours that she worked per week in excess of forty.

35.     From in or around January 1, 2010 to in or around December 31, 2010, the Defendants paid Plaintiff at a rate of $48.58 per hour, making her overtime compensation rate $72.87 per hour.  However, the Defendants, during this period, did not pay Plaintiff at any rate of pay for any hours that she worked per week in excess of forty.

36.     From in or around January 1, 2011 until the termination of Plaintiff's employment on May 21, 2014, the Defendants paid Plaintiff at a rate of $49.07 per hour, making her overtime compensation rate $73.61 per hour.  However, the Defendants, during this period, did not pay Plaintiff at any rate of pay for any hours that she worked per week in excess of forty.

37.     Plaintiff was, at all times during her employment with Defendants, a full-time employee required to clock in and out each day that she worked.

38.     Throughout her employment, Plaintiff was generally scheduled to work four days per week in shifts of ten hours per day.  However, the Defendants frequently required Plaintiff to work in excess of forty hours per week without providing her any additional compensation. Specifically, the Defendants required Plaintiff to work approximately one additional half hour per day on at least three of the four days that she worked each week, due to Defendants scheduling of patients for the same time at which Plaintiff's shift was due to end.

39.     In addition, on several occasions every year, the Defendants required Plaintiff to attend in office training and classes during non-scheduled work hours without providing any additional compensation.  This amounted to approximately ten hours per year.  For instance, on January 29, 2014, the Defendants required Plaintiff to attend a cardiac life support training class that lasted two hours without additional compensation.

40.     Lastly, on many instances, the Defendants docked Plaintiff's biweekly pay due to Plaintiff leaving early or not working a full ten hours on any given day, meaning that Plaintiff could not have been a salaried employee.

41.     By way of example only, for the pay period of November 22, 2013 through December 5, 2013, the Defendants pad Plaintiff $3,680.01 as opposed to her "salary" of $3,925.34. Based upon the actual hours Plaintiff worked, Defendants docked Plaintiff five hours of pay, or $245.33.

42.     Defendants maintain records of Plaintiff's overtime hours worked as they required Plaintiff to clock in and out each day.

43.     On each biweekly occasion when the Defendants paid Plaintiff, the Defendants intentionally did not furnish Plaintiff with a statement that accurately listed all of the following: Plaintiff's overtime rate of pay; and an accurate number of hours that Plaintiff worked per week.

44.     Defendants acted in this reckless manner in an effort to maximize their profits and minimize labor costs. The Defendants instituted a policy and scheme whereby they treated and misclassified all employees in Plaintiff's position this way, including FLSA Plaintiffs and Rule 23 Plaintiffs, requiring them all to work beyond forty hours in a workweek and only compensating them for the first forty hours of work as well as docking all employees in Plaintiff's position when the employee worked less than forty hours during any week.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the FLSA*

45.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate for any hours worked exceeding forty in a workweek.

47.     As described above, Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA, while the Defendants are employers within the meaning of the FLSA.

48.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and FLSA Plaintiffs in accordance with the FLSA's overtime provisions.

49.     The Defendants' actions were in willful violation of the FLSA.

50.     Plaintiff and FLSA Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

51.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violation of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the FLSA*

52.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53.     29 U.S.C. § 206(a) prescribes a minimum wage that employees must pay to their employees for each hour worked.  Minimum wage under the FLSA during the six-year statutory period was: $5.85 per hour from July 1, 2008 to July 23, 2008; $6.55 per hour from July 24, 2008 to July 23, 2009; and $7.25 per hour from July 24, 2009 to the end of Plaintiff's employment on or about May 21, 2014.

12

54.     As described above, Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA while the Defendants are employers within the meaning of the FLSA.

55.     As also described above, the Defendants did not compensate Plaintiff and FLSA Plaintiffs at the minimum hourly rate required by the FLSA for all hours worked.

56.     The Defendants' actions were in willful violation of the FLSA.

57.     Plaintiff and FLSA Plaintiffs are entitled to payment at the minimum wage for every hour they actually worked for Defendants pursuant to the FLSA's minimum wage provisions.

58.     Plaintiff and FLSA Plaintiffs are entitled to liquidated damages, attorneys' fees, and costs for the Defendants' violation of the FLSA's minimum wage provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime under the NYLL*

59.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

60.     N.Y. Lab. Law § 160 and the executing provisions of 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for any hours worked exceeding forty in a workweek.

61.     As described above, Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL, while the Defendants are employers within the meaning of the NYLL.

62.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours per week, yet the Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs in accordance with the NYLL's and NYCCRR's overtime provisions.

63.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

64.     Plaintiff and Rule 23 Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

65.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violation of the NYLL's and NYCCRR's overtime provisions.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Minimum Wage Violations of the NYLL*

66.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.     N.Y. Lab. Law § 652(1) and the executing provisions of 12 NYCCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked. Minimum wage under the NYLL and NYCCRR during the six-year statutory period was: $7.15 per hour from July 2008 to July 23, 2009; $7.25 per hour from July 24, 2009 to December 30, 2013; and $8.00 per hour from December 31, 2013 to the end of Plaintiff's employment on or about May 21, 2014.

68.     As described above, Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and NYCCRR while the Defendants are employers within the meaning of the NYLL and NYCCRR.

69.     As also described above, the Defendants did not compensate Plaintiff and Rule 23 Plaintiffs at the minimum hourly rate required by the NYLL and NYCCRR for all hours worked.

70.     The Defendants' actions were in willful violation of the NYLL and NYCCRR.

71.     Plaintiff and Rule 23 Plaintiffs are entitled to payment at the minimum wage for every hour they actually worked for Defendants pursuant to the NYLL's and NYCCRR's minimum wage provisions.

72.     Plaintiff and Rule 23 Plaintiffs are entitled to liquidated damages, interest, attorneys' fees, and costs for the Defendants' violation of the NYLL's and NYCCRR's minimum wage provisions.

## FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Pay Wages in Violation of the NYLL*

73.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

74.     N.Y. Lab. Law §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

75.     Defendants failed to compensate Plaintiff and Rule 23 Plaintiffs at their regular rates of pay for each hour that they worked in accordance with their terms of employment.

76.     Defendants' actions were in willful violation of the NYLL.

77.     Plaintiff and Rule 23 Plaintiffs are entitled to recover, at their respective rates of pay, for all hours that they worked for Defendants but were not compensated.

78.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' failure to pay Plaintiff and Rule 23 Plaintiffs their wages in accordance with the agreed terms of employment.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Failure to Furnish Proper Wage Statements in Violation of the NYLL*

79.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15

80.     N.Y. Lab. Law § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion with the employer pays wages to the employee.

81.     As described above, the Defendants willfully failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the criteria required under the NYLL.

82.     Pursuant to N.Y. Lab. Law § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each failure of this sort.

83.     For their failure, besides the statutory penalties, the Defendants are also liable to Plaintiff and Rule 23 Plaintiffs for liquidated damages, attorneys' fees, and costs.

## DEMAND FOR A JURY TRIAL

84.     Pursuant to Federal Rules of Civil Procedure Rule 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against the Defendants as follows:

A.     A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

B.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

C.     An order restraining the Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs for participation in any form in this litigation;

16

D.      Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling the statute of limitations;

E.      Certification of the claims brought in this case under the NYLL as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

F.      Designation of Plaintiff Nicole Smith as representative of the Class, and counsel of record as Class Counsel;

G.      All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

H.      Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

I.      Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, other costs, and an award of a service payment to Plaintiff Nicole Smith;

J.      Pre-judgment and post-judgment interest, as provided by law; and

K.      Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs any other and further relief as this Court deems necessary and proper.

Dated: Great Neck, New York
        August 14, 2014

                              Respectfully submitted,

                              BORRELLI & ASSOCIATES, P.L.L.C.
                              *Attorneys for Plaintiff*
                              1010 Northern Boulevard, Suite 328
                              Great Neck, New York 11021
                              Tel. (516) 248-5550
                              Fax. (516) 248-6027

        By:

                              KELLY A. MAGNUSON, ESQ. (KC 0234)
                              ALEXANDER T. COLEMAN, ESQ. (AC 8151)
                              MICHAEL J. BORRELLI, ESQ. (MB 8533)